# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Sean Peck,

    Plaintiff/Movant,

Alliance One, Inc.; and DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Sean Peck, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. § 12-14-101, *et seq.* ("CFDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Sean Peck ("Plaintiff"), is an adult individual residing in Aurora, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Alliance One, Inc. ("Alliance"), is a PA business entity with an address of 4850 East Street Road, Suite 300, Trevosa, PA 19053, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Alliance and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Alliance at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Alliance for collection, or Alliance was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Alliance Engages in Harassment and Abusive Tactics**

## FACTS

12. On or about March, 2009, the Plaintiff signed up for a gym membership at Bally Total Fitness in Aurora, CO. In signing up, the Plaintiff authorized Bally's to debit the monthly dues from his checking account.

13. On or about June 10, 2010, the Plaintiff received a letter from the Defendants stating that his Bally account was past due and that it was in collections.

14. The Plaintiff reviewed his bank statements and saw that Bally continued to debit his monthly membership. On or about June 16, 2010 the Plaintiff sent a certified letter to the Defendants requesting a validation of the debt. The June 16, 2010 letter further directed the Defendants to stop contacting him by phone and to communicate to him only in writing.

15. On or about June 24, 2010, the Plaintiff received the certified receipt of the June 16, 2010 letter he sent to the Defendants.

16. On or about June 24, 2010, the Defendants contacted the Plaintiff at his home phone and his cell phone, leaving a message on his cell phone in regard to the debt.

17. From June 24, 2010 to July 9, 2010, the Defendants placed numerous calls to the Plaintiff on his home and cell phones even though the Defendants received requests from the Plaintiff to validate the debt and to correspond with him only in writing.

18. The Defendants left a couple of messages mentioning the Plaintiff's debt on his answering machine.

19. On or about July 12, 2010, the Plaintiff sent a second certified letter to the Defendants requesting validation of the debt and for all correspondences to be in writing.

20. On or about July 19, 2010, the Plaintiff received the certified receipt of the July 12, 2010 letter he sent to the Defendants.

21. To date, the Plaintiff has never received any mail communication from the Defendants since the Plaintiff's first validation letter on June 16, 2010. The Defendants have never validated the debt.

C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been verified.

31. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE COLORADO FAIR DEBTCOLLECTION PRACTICES ACT
## Colo. Rev. Stat. § 12-14-101, et seq.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Plaintiff is a "consumer" as defined by Colo. Rev. Stat. § 12-14-103(4).

35. The Defendants are a "collection agency" and "debt collectors" as defined by Colo. Rev. Stat. § 12-14-103(2) and (7).

36. The Defendants communicated with the Plaintiff in connection with the collection of a debt at an unusual time, place, or manner which they knew or should have known to be inconvenient to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(1)(a).

37. The Defendants communicated with the Plaintiff in connection with the collection of a debt after having been notified in writing that the Plaintiff refused to pay the debt or that the Plaintiff wished the Defendants cease further communication with the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-105(3)(a).

38. The Defendants engaged in a conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of Colo. Rev. Stat. § 12-14-106(1).

39. The Defendants caused the Plaintiff's telephone to ring or engaged the Plaintiff in

telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-106(1)(e).

40. The Defendants used unfair or unconscionable means to collect or attempted to collect a debt, in violation of Colo. Rev. Stat. § 12-14-108(1).

41. The Defendants collected or attempted to collect an amount, including any interest, fee, charge, or expense incidental to the principal obligation, in violation of Colo. Rev. Stat. § 12-14-108(1)(a).

42. The Defendants failed to cease collection of the debt, or any disputed portion thereof, after notification by the Plaintiff that the debt was disputed, and before the Defendants obtained verification of the debt or a copy of a judgment or the name and address of the original creditor and mailed a copy of such verification or judgment or name and address of the original creditor to the Plaintiff, in violation of Colo. Rev. Stat. § 12-14-109(2).

43. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the CFDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) or Colo. Rev. Stat. § 12-14-113(1)(a);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) or Colo. Rev. Stat. § 12-14-

6

      113(1)(b);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Colo. Rev. Stat. § 12-14-113(1)(c);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 14, 2010

Respectfully submitted,

                                                By  /s/ Dianne Zarlengo

                                                Dianne Zarlengo, Esq.
                                                Bar Number: 31385
                                                2800 So. University Blvd., Ste. 66
                                                Denver, Colorado 80210
                                                (303) 748-3513
                                                dzlegal@gmail.com
                                                Attorneys for Plaintiff

                                                Of Counsel To:

                                                LEMBERG & ASSOCIATES L.L.C.
                                                1100 Summer Street, 3rd Floor
                                                Stamford, CT 06905
                                                Telephone: (203) 653-2250
                                                Facsimile:  (877) 795-3666

                                                <u>Plaintiff:</u>
                                                Sean Peck
                                                1638 S. Kenton St
                                                Aurora, Colorado  80012